First case on our call this afternoon is Agenda No. 21, Case No. 107755, Mary Jacqueline Abrell v. John George Abrell. Counsel, you may proceed. May it please the Court, Counsel, I am Mary Lee Leahy and I represent the petitioner appellant in this case. From what I heard this morning, the issue or question being presented to you in this case is simple. The answer may not be simple, but at least the question is simple. Are the sick and vacation days accrued by Mr. Abrell during his employment with the state while he was married, are those days' marital property subject to division at the time of dissolution of marriage? The trial court said yes, the 4th District Appellate Court said no. The 4th District Appellate Court characterized these days as alternative wages. Again, in contrast to the arguments I heard this morning, there's a great deal of agreement between the parties. We agree that this is a case of first impression in the state, even though the Marriage and Dissolution of Marriage Act has been around for several years. We agree that the standard of review is de novo. We agree as to the number of vacation days earned by Mr. Abrell during the marriage, we agree to that number. We agree to the number of sick days earned during the marriage and accrued. And we also agree as to the value of those days. The trial court in reviewing the matter awarded Mr. Abrell 45 of his sick days off the top. There were 114 sick days he had accrued working for the state, and the trial judge gave him 45. Then added the remainder of the sick days and the vacation days. Valued them, there was no disputes to the value. Took into effect the tax consequences, and then divided those days in half. The 4th District, as I said, reversed, holding these were alternative wages. And as I pointed out in my reply brief, the decision of this court in this case. Just a quick question. Would the accumulated sick and vacation time unused survive his death if he still employed? I believe so, Your Honor. It would be an asset for the estate. It applies to all divorce cases. And it occurred to me, if Mr. Abrell had been working for an employer that didn't provide for any vacation or sick days, that you couldn't accrue them. In other words, if you had to take time off to go to the doctor, you just didn't get paid. And supposing under those circumstances the husband puts aside, opens a bank account, a savings account in his own name, and puts in their monies to provide for vacation. That savings account would be subject to division as marital property at the time of divorce. Supposing Mr. Abrell was self-employed, and he opens a bank account in his own name and puts monies in there every month to provide in the case he gets sick and can't work for a period of time. That savings account would be subject to division as marital property. Ms. Leahy, how is unused sick time and vacation time considered property? For instance, isn't it too speculative before his retirement? Well, it's not speculative in that there was no problem in valuing it and in taking into account the consequences of taxes. We believe that it is analogous to deferred compensation, that it is analogous to pension, it's analogous to future stock options, and in that case you may not even know the value of those stock options. Another aspect that if we're looking at ascertaining a value, there's a situation where one of the spouses has a workers' compensation claim pending or has a personal injury lawsuit pending. And in those cases, it's speculative, but it's a marital asset if the person was injured during the marriage, and it can be divided percentage-wise or proportionally. Ms. Leahy, vacation days and sick days would be treated the same? Yes, Your Honor. Valued the same? Yes. Now, that's changed a little bit, Your Honor. At the end, I believe at the end of Governor Ryan's administration, he offered a retirement, an early retirement, and I think when people heard about the amounts of money that people were drawing down due to sick and vacation that had accumulated, they've now put restrictions on how many vacation you can carry over, and they've also, I believe it's you collect only one-half of your sick days. But the vast majority of Mr. Abel's time accumulated were before that. And I mean, there's just no dispute as to its value, and there was no dispute as to the tax consequences of that. But there's no value if he doesn't receive any additional compensation if he uses those days, right? Well, he does, Your Honor, in the sense that if he retires on January 1st of the year and he's got 31 vacation days left, he stays on the payroll an extra month without having to work. So he does receive those monies. Right, if he doesn't use the days. That's correct. So I'm saying for every day he uses, he gets no compensation for that day. Other than what he's accrued. Right. Yes, Your Honor, that's correct. Would you exemplify a little bit on what you mean by accrued? I mean, once he accrues them, he can't use them? Well, as I understand it with the state, you earn, I believe it's one day per month. And that's put like in a category. And so if you earn one day a month, say sick time, you have 12 at the end of the year. If you become sick in the following year, you then can draw down on those accrued days. And you would be paid even though you're not working. But in a sense, that's what troubled me when I was thinking about this over the weekend. In a sense, this is allowing the employer to determine what's marital property or not. Because you have the situation where the employer doesn't provide for any accrued days. No sick days, no vacation days, no personal days. Then you have the employer that is self-employed and doesn't have that advantage. But yet in those latter two cases, when you try to provide for these contingencies, that would be marital property because you'd be putting it in some kind of investment or in a bank account. And yet the bank of these days that's on the balance with the state should be treated the same way. Did the trial court err here in setting aside the 45 days? No, Your Honor, I don't believe so, and here's why. He used an odd sentence, if I remember correctly. That he was setting aside 45 days not to be decided as marital property or not subject to division as marital property. He didn't say they weren't marital property. And looking back at the record, I believe they were marital property. But there's nothing that requires that it be an equal division of marital property. So if under the circumstances of the case, the trial court said, hey, wait a minute, there are some health considerations in this case. I'm going to give the employee 45 sick days off the top and then divide the remainder. Is that what you believe the trial court did in this case? I do believe that. I believe that Mrs. Abrel had some serious health problems as well, but I believe that he did that based on the fact that Mr. Abrel had had prostate cancer. But what I'm saying is there's lots of case law we cited in our brief that the division doesn't have to be equal. You know, the trial court can take circumstances into account. I don't think it would have been an abuse of discretion if you had an employee who had 114 sick days and was terminally ill with lung cancer. I believe the court, the trial court, would not have abused his discretion if he assigned all those days to that spouse. But normally you're going to have the situation where the health considerations aren't there. And I don't think that one spouse should get then a windfall over the other in terms of division of property. Can an argument be made that if there is a division of the sick days, at least at this time, and those are paid out to the spouse and then the, in this case, Mr. Abrel does in fact become ill and does have to use up and he's lost those sick days so that has she not received a windfall and he is then going to be without pay for the time that he's off of work in excess of the sick days that he's accrued? Your Honor, what happens if Mrs. Abrel is seriously sick and can't work? She will then have, actually it wasn't all that much, what, just short of $8,000. So we're really making a policy decision here as to who suffers or how? I mean, there are different ways to divide this. You could say it's divided at the time of retirement much like the retirement plans are with a The quadro? Yeah. And the quildro? Thank you. Your Honor, I've thought of that. I think a quadro would work if somehow you could take like you do in a pension and you divide that pension and put this much over here in her name and this much over here in his name. The problem that I see, and we talked about the three ways the states have treated this, one reserves the division until the time of retirement. But the employed person could use up all those days before he retires. And I think if there are extenuating circumstances other than both spouses are healthy, maybe both have accumulated days, one has, one hasn't, that it should be treated as a marital asset rather than speculating into the future as to what might happen to either one of the parties. Because I think this provides then the money for her to live off if she becomes seriously ill. And I really, as I've tried to say in my reply brief, because Mr. Moran talked much about the sick days would enable Mr. Abel to pay maintenance if he became sick. What I think we have to keep in mind is that this is a purely legal question and cannot be based on the particular circumstances of this case, because it's going to apply whether or not this is marital property. It's going to apply in every case. Where both are employed and both have accrued days, where one is employed and has accrued days and the other doesn't, where neither spouse has any accrued days, but they've been putting monies aside to cover like a rainy day fund. Yet you're asking us to make a case-by-case determination? No, I'm not, Your Honor. What was your reference to the lung cancer situation? In terms of the court can hold, the accrued days are all marital property. In dividing marital property, the trial judge can take particular circumstances into consideration in making the division of marital property. All right, I understand. But in all cases, you would say it is marital property? Yes, Your Honor. But we're still looking at abuse of discretion standard and deciding what the trial judge did is correct or not? It's abuse of discretion standard in terms of how we divided the days. So a case-by-case basis? Well, Your Honor, if the Fourth District made it absolute for all cases that these accrued days were not marital property, they were alternative wages, and therefore they weren't subject to any division at the trial court level. He had no discretion. He might say, well, I'm giving this spouse all these days as alternate wages, and then he may adjust the division of the property. But these were not, on the Fourth District's ruling, these days do not go into the mix for him to divide marital property according to the circumstances of the case. I mean, the standard of review is de novo as to whether or not these days are marital property or alternative wages. And that's why I tried to point out that if they don't have in their employment any accrued days but they put monies aside for a rainy day fund, that would be marital property, a bank account's marital property, and that would be subject to division. I understand your argument that it's all marital property. I don't fully understand we're always marital property. I don't fully understand, excepting for the fact that there's the other side of the issue as the appellate court ruled, your argument that the appellate court erred in directing the trial court to make an appropriate adjustment, an adjustment to the distribution of marital property. What did you mean by that? Where is the error there? Okay, I thought that the appellate court remanded this case to simply remove all of the accumulated days and assign them to Mr. Abrell as being alternate wages. And I thought the appellate court's ruling did not then allow the trial court to go back and say, hey, wait a minute. If we're giving Mr. Abrell $15,000 more than he had, I didn't think the trial court could look then to adjust to anything else, any of the other property division or the maintenance. You didn't think the appellate court was just telling the trial court to simply subtract those days from the estate and then re-divide the assets? No, I did not. Okay, you had no problem with that if that's what they were doing, outside of the fact that you feel it's marital property. Yes, but, I mean, if you're going to make it alternative wages and assign it to Mr. Abrell, I believe that under the Dissolution of Marriage Act, the trial court could then reconsider the division of marital assets or the issue of maintenance. That's all you wanted to make sure would happen on remand if, indeed, you lose on your primary argument. That's right, that the court could then revisit those other issues. Ms. Leahy, if you're in an employment situation where it's a use it or lose it, contrary to what Justice Freeman asked about, is it an asset at the time of retirement or death, would the same rule apply, the same holding that you're looking for, that you're suggesting? I mean, if there's no way to take cash away, you have to use it or it's not there at the end of the termination of employment, whether it's death or retirement. Well, Your Honor, I suspect that if that's the way it is, you're going to use it, and there will be a benefit to you, the employee. For example, Well, wait a minute, let me just ask you this. Sick days, if somebody doesn't get sick, they don't use it. Well, Your Honor, as I understand the state system, you can use the sick days in increments of like half a day to go to a doctor's appointment. You don't have to be actually physically sick to use those sick days. That was the problem I saw with the way some of the states have treated it, that they do it at the end and then the person can use it all up. And I think all of us have seen enough cases on appeal and read the record to realize that there can be a lot of spite sometimes in divorces, so that wouldn't be available. The only issue before us is whether these assets are marital property or not, is that right? That is correct, Your Honor, unless you affirm the Fourth District, and then the issue becomes what can the trial court do on remand. I think that by not finding that these days were property, the Fourth District then took it out of the context of any exception. You know, the Dissolution of Marriage Act said there's a presumption that all property acquired during a marriage is marital, and then it lists the exceptions. But by characterizing these as alternative wages, the appellate court took it out of the context of property and out of those provisions of the Dissolution of Marriage Act. As I said, we believe that these days are analogous to deferred compensation, to pension, to stock options, whether they're vested or unvested, whether the options can be valued or not. And in this case, there was no problem in valuing the days, there was no problem in taking the tax consequences for these days. And so we would ask that the court reverse the appellate court and find that this is marital property, and then the trial judge can deal with the equitable division, depending on the circumstances in each particular case. Thank you. Mr. Chief Justice, may it please the Court, Mrs. Leahy, for your graciousness in this case and in matters past. Picking up in a place where Mrs. Leahy started, you listened to the arguments this morning in the cases that were presented. The first one had issues of taxes, hospitals, doctors, millions of dollars involved. Second case, pharmaceutical companies, doctors, millions of dollars involved. Top of the news. Third case, the banking industry, a decision that's going to have wide-ranging effects. You get to this case on the docket and you see it's a dispute about vacation and sick days, which were found to be valued at $15,804.11, and you wonder where the importance is. Besides this being a case of first impression in this State, Mr. Abrel, in this instance, works for the State. Not only do tens of thousands of people just in this town alone work for that employer, but across the State. These employees are allowed to bank their vacation and sick days, as well as employees in other professions, in other areas. Therefore, this Court's decision is going to have an effect probably on millions and millions of dollars over the years to come concerning this issue. I agree somewhat with Mrs. Leahy that the issues in this case are pretty easy to understand. To understand Mr. Abrel's position in this case, you have to look at two cases. The Akers case in Indiana in 2000 and the Thomasian case from Maryland in 1989. Then finally, you look at the Appellate Court's decision in this case, where it found that these days, vacation and sick days, were alternate or substitute wages that were not subject to being distributed in a dissolution of marriage proceeding under Section 503 of the Dissolution Act. There was a question asked about how the trial court decided this issue. In fact, the trial court's decision is laid out in the Appellate Court's decision, and on page 5, they directly quote what happened. In relation to the sick days, it states, of the 114 sick days, the respondent is awarded 45 of those days without those days being subject to division as marital property. In other words, the trial court said they were non-marital property. The trial court then valued the remaining days, found after taxes that they would be worth a little more than $15,000, put those into the marital pot, decided that the marital pot should be divided on a 50-50 basis, gave Mrs. Abrel liquid assets, which at the time of the judgment were worth $15,804.11, and gave Mr. Abrel all of the remaining days. In this case, where we would argue that fairness and equity come into that situation, is that Mrs. Abrel received a benefit immediately upon the judgment in this case that was worth to her $15,800 in cash. In Mr. Abrel's situation, he received an award of the sick and vacation days that the only way he could cash those out would be to retire or to resign his position. There is no evidence in this case that indicated that he intended to do that at any time in the recent or in the time after the divorce judgment was entered. In fact, the evidence ---- Well, the husband here gets this as non-marital property, not just the 45 days, but the 114, and then take that into consideration in determining how to divide what the trial court does consider as marital property and end up with the same result. We would say no in that circumstance, again, because the benefits can't be cashed out until Mr. Abrel retires. He's not going to receive any more salary. He's not going to be paid any more from his job when he takes these days. The record shows that he's been diagnosed with prostate cancer. So if he has to have an extended leave from work, use all of these days to do that. He uses them up. He doesn't receive an extra dime. Well, Mrs. Abrel still gets the $15,800 in liquid assets and also gets the benefit that her permanent maintenance in this case continues to be paid. That's one of the things the appellate court in this case picked up on and said that during the marriage, these days are a safety net for the marital community, because if the husband or the wife is sick, they can continue to be paid while the marriage benefits from that payment. They don't lose their job or their income. They said the same benefit continues to accrue after the divorce, and it's demonstrated in this case. If Mr. Abrel has to take an extended leave from work, instead of having no income and being able to file a petition for modification and saying I can't pay Mrs. Abrel her permanent maintenance any longer, he will continue to receive his salary and she will continue to receive her maintenance payments. The court said the same thing for child support payments, the same thing for educational payments that were ordered, the same thing for marital debts that were carried over. Let's say both parties' names were still on the mortgage to the former marital residence that was awarded to one or the other. Those payments could continue to be made while he was receiving these dates. Would your argument be the same if there were no permanent maintenance, there was no child support and there were no debts to carry over? It would, because Mr. Abrel could find himself in the same situation where he wouldn't receive any additional income by the time he retires. He could receive nothing if all of his days are used up or if the law changes or if the state runs out of money and can't pay those days on the date that he retires. And therefore, it brings in the speculative argument that both of the Indiana and the Maryland courts talked about. They said how do we know if the individual is not going to be sick? How do we know that the law is not going to change or contracts are going to change? How do we know that at retirement this individual is still going to have those days banked up and be able to pay for them? There are other species of marital poverty. You heard me ask Ms. Leahy whether she was looking for a bright line rule, and I anticipate you're looking for the other end of that rule, but I note that one of your comments early on was that Mr. Abrel was not a close to retirement. So my question is really the same for you. If we had a situation, which I know is not this situation, that the days were guaranteed or John was close to retirement, in those type of situations, I mean, should the bright line rule be deviated from and should those monies be included in those days included in the marital estate? There are actually two of the cases cited by Mrs. Leahy on her side where that was exactly the situation. In the Florida case, the money had already been paid out, and it had been, if you will, transmuted into cash. If at that time the court looked at the situation, you could deviate from the bright line test, because cash is cash. It's spendable. There is no speculation involved whatsoever in what that's going to be worth and how much it's going to be worth. Again, there is a situation that unless it's retirements the next day, an individual could walk out of the courthouse, get hit by a bus, be laid up and would lose all of those days. Now, in fairness and with my duty to say and to provide all of the case law, one of the states looked at this issue and that was New York. And they said, if we allow the trial courts to value these at the time of the disillusion, we'll do the reserve jurisdiction approach, wait until such time as the individual retires. If any money is left at that time, we can split it then. And even in that case it said there was a, I forget if it was a 50-50 or 60-40 split at the time of retirement. The argument that Mrs. Leahy would have against that would be that the worker would be in control of those dates and could use those days to use them up in small increments over time. That's why we don't think in this case it would be appropriate based on these facts. Does it make a difference, Mr. Moran, if in this case, I'm assuming, maybe incorrectly, that if he doesn't use them, he gets the compensation when he retires or resigns? If the law hasn't changed, yes. But I think Justice Kilbright in questioning Mrs. Leahy was talking about use it or lose it. If you didn't get, if you have that available to you, but if you retire and you still have it and you don't get anything additional, then it's not, then you would say it is not marital property anyway, right? And that's exactly correct. Again, the concept that was developed by the appellate court in this case feeds off the two earlier cases, the Indiana and the Maryland case, but these are not choses in action. It's not a piece of property. What it is, is substitute wages. In a case like this, a state worker earns sick days, whether they're the best employee that the state ever had or the worst employee. Same thing with vacation days. The only requirement to earn the vacation days is length of service. It's not an award. It's not a bonus, like deferred compensation would be. That's how the court in Maryland differentiated the two and said deferred compensation, non-vested, non-contributory pensions and stock options, which by the way are addressed specifically by our legislature in the statute. But those are things that are bonuses. Those are awards. In this case, all we're doing is giving Mr. Abrel an opportunity to be sick and continue to earn his salary or to go on vacation, continue to earn his salary. He doesn't earn anything further from those things, again, until the date that he retires. That's when the speculation goes away. That's when they could be valued. But in this instance, based on the benefits, I think it would be handled the same as if you resigned, that they do survive and that they do become an asset that would be payable to your estate if you have them left. There have to be lots of state employees that never have any days left because they take their sick days, they take their vacation days during the period of time that they're allotted to do that. They don't bank them. And in this case, what Mr. Abrel has done is he has forbeared. He'd gone into work when he was sick. He hasn't taken vacation when it was available to him. As found by the appellate court in this situation, Mrs. Abrel is going to continue to benefit from that because she will continue to receive her permanent maintenance payments. Therefore, in this case, under the statutory framework that is our Solution of Marriage Act, these are not property under 503. They're wages. Wages can't be split under 503. Under 504, maintenance, the statute says yes, they can be split as far as maintenance is concerned. Maintenance can be paid from income or from property. If you look under 505 for child support, child support comes from income wages. It can be split. It's required to be split there. But it is not property. And in this case, we believe that the appellate court made the correct decision. We would ask this court to follow. If we were to classify this property, would they fall under any recognized exception to the marital property? They're not, Your Honor. There is no recognized exception. The Thomas Ian case in Maryland dealt with that specific issue. And it had a statute, a property statute that was very similar to ours. And in that case, the Maryland court said that even if the definition of property in the state could be expansive enough to cover the issue, the two kinds of days, sick and vacation days, that that doesn't require that they be contained under the statute because of the personal, intangible, and speculative nature. And again, you go back to all the things that make these things hard to value. Valuing a pension is easy. You have the pension plan. You have the actuarial tables. You have the government's number as far as the interest rate. You plug those into a little computer program called FinPlan. It spits out a number. In this case, what the Indiana court and the court said is that you don't know what that number is going to be. There are just too many variables in this situation. You don't know if those days are going to be used up. You don't know if the law is going to be changed. You don't know if contracts are going to be changed. You don't know. Therefore, in this instance, we would ask that the court follow those same precedents, find that these, as a matter of law, on a de novo basis, are not marital property subject to being distributed in a dissolution of marriage proceeding, and affirm the appellate court in toto. I understand that you, that that's what you're requesting, but I think twice during your argument you almost got to the point of why you don't think it should be divided, if it is marital property, it should be divided at the time of retirement. And could you again, if you look at the decisions from Indiana and Maryland, they draw a bright line test. They say it's not property, it's not marital, it doesn't get split. It shouldn't affect the issue of property distribution. Are there states that include it in its marital property definition? Are there states that do include it in marital property? Alaska being one of them, though in Alaska you can't tell from reading their decision whether they valued it at the time of the dissolution or did the reserve jurisdiction approach and waited until the time that the worker actually retired. And I don't know if I answered your question again, but it's a pretty bright line test, and it said this property just is not in the nature, again I misspoke, these days are not in the nature of property. They're substitute wages. Substitute wages are never split up in the property section of a divorce, and that would be exactly true. What we would do in Illinois, wages have no bearing on property. They're not split there. They're split in the maintenance section. They're split in the child support section, but not in the property section. Therefore, in this case we would argue that it would be inappropriate in this case to include them at all, and under the bright line test that we're urging the court adopt in this case, they wouldn't qualify and therefore should not be considered in any manner in relation to property. Thank you, counsel. Your Honor, on page 26 of our brief, following through to 28, we cite numerous decisions of other states that have held these days are marital property subject to division at the time of dissolution. I would like to suggest one thing. In the case of the divorce case, I would like to suggest one thing, and that is that I don't think this court should allow this decision to rest on any particular circumstance of this case, because this decision is going to apply to every divorce case. And to have the individual circumstances, Mr. Abel's health, Mrs. Abel had serious health problems. To let that drive the decision would be a mistake, because you're going to have the case in which there are no accrued days, because neither spouse's employer has provided for that. But they've saved and put aside for vacation, and they're saving and putting aside in case one of them gets sick. That's going to be divided as marital property. You have the circumstance where the self-employed husband, he's not accruing any days, but they've put them aside. They've put money aside. That's going to be divided as marital property. Should our analysis begin with whether or not these days are a thing of value, whether they are property, which is defined as anything of value? That's correct, Your Honor, and the trial court had no problem valuing these days. And there was no objection to the valuation of these days, and that the trial court correctly took the tax circumstances into consideration when he divided them. Now, it seems to me that Pandora's box would be opened up if timing drove the decision as to whether or not these days were marital property. Is it if you're one month close to retirement, it's marital property? Is it one year? Is it 18 months? That doesn't make any sense at all. How do you address Mr. Moran's argument that there's a benefit here for Mrs. April as well, namely that there are the sick days available. If there is an extended sick leave, now he is getting paid and doesn't come in with a change of circumstances and a petition to modify the permanent maintenance, in this case? He can do that, Your Honor, and that's a separate issue. But she has then half of the benefits that she would have if she had the half of these days for her to use to compensate for that. Take the situation where at the time of the divorce there's no illness whatsoever. Then the spouse with the accrued days is getting a windfall. If he doesn't use the days. That's correct. But he's got them to use, which means that he can extend his period of employment receiving monies. There was one other thing that Mr. Moran said that I did want to clarify. He said that Mr. April will get these days if the law doesn't change. I submit to you that days to the point of the change of the law are vested property rights, and this didn't come up, but I believe that such a change could only be prospective and not retroactive, because I do believe these are vested property rights. Seems to me that the, what do I say, cleanest, simplest way to handle this, and given that they're analogous and given that other cases that we've cited from other states, is to hold that they're marital property. The law is far more in favor of that and more well reasoned. And then let the trial court decide and divide that property depending on the circumstances in each case. Seems to me unfair that it is the state of Illinois, in a sense, that is determining whether or not these days are marital property subject to division. And to allow the employer who says I'm not going to give any accrued days to anybody, and so that couple puts money away in the savings account, and as a result of that employer's action, it's marital property, that savings account, subject to division. Again, this decision, I agree with Mr. Moran, is going to have an impact on every divorce case, whether or not there's accrued days. If there are accrued days and the Fourth District's appellate court decision stands, then Mr. Abel gets a benefit. And so do all the other employees that have accrued days. If the employer doesn't provide for accrued days, or if the person is self-employed, whatever they put aside to cover vacation and sick days is subject to division. Let the trial court deal with the different circumstances in each case, and to make the equitable division of the property. That property should include these days. They can be valued. They were valued. Tax consequences were taken into effect. It was the correct decision of the trial court. So I ask that you reverse the Fourth District appellate court, hold these days are marital property subject to division, and then allow the trial court to deal with the circumstances in each case to make an equitable division of the marital property. As to the argument about maintenance, as I said, Mrs. Abel would have those days to cover the contingency if the trial court believed that the maintenance ought to be changed in any way. If you know the award of maintenance does not take into consideration, listing all the circumstances that the trial court must take into consideration, that statute does not list whether or not there are accrued vacation or sick days. So we ask that you reverse the Fourth District appellate court and allow the trial courts to make the equitable division of marital property. Thank you.